IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| AMGEN INC., et al., | : | |
| Plaintiffs, | : | |
| v. | : | Civil Action No. 15-839-RGA |
| HOSPIRA, INC., | : | |
| Defendant. | : | |

**MEMORANDUM ORDER**

Plaintiffs have filed a motion for reconsideration. (D.I. 217). The matter Plaintiffs seek to reconsider is my denial of a motion to amend the complaint. Plaintiffs filed that motion on August 15, 2016. (D.I. 73). I denied it, in relevant part, on October 3, 2016. (D.I. 137). The instant motion followed on May 30, 2017. "Motions for reargument" are to be filed within fourteen days of the decision about which reargument is sought. D.Del. LR 7.1.5(a). Thus, on its face, the motion is not a motion for reconsideration.

The motion did not attach the proposed amended complaint, and thus it is not a new motion to amend the complaint. See D.Del. LR 15.1 (procedural requirements for a motion to amend).

Thus, it should be denied, as it does not appear to be any sort of procedurally-proper motion.

In the alternative, considering the merits, I first note that the reasons why I rejected it more than eight months ago still apply. And they have more force now, as the motion wants to add three new parties for a case that is scheduled for trial on September 18, 2017, less than three

months from now. And, as Defendant emphasizes, Plaintiffs could have filed a separate lawsuit against these three defendants, a possibility I expressly noted in the October order. (D.I. 137 at 2 n.1). Plaintiffs still have that option today. To the extent Plaintiffs have lost a claim against a non-party, it is only because Plaintiffs have slept on their rights. It is not Defendant's responsibility.

Whatever procedural label is given to the motion, I do not think it has any merit, and it is therefore **DENIED**.

IT IS SO ORDERED this 23 day of June 2017.

Richard G. Andrews
United States District Judge